IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PAMELA JOHNSON,<br><br>        *Plaintiff,*<br><br>v.<br><br>KEYSTONE QUALITY TRANSPORT COMPANY, *et al.*,<br><br>        *Defendants.* | CIVIL ACTION<br>NO. 16-6603 |

**PAPPERT, J.**                                                                                                           February 6, 2018
<u>**MEMORANDUM**</u>

      Pamela Johnson sued her former employer Keystone Quality Transport Company and three individual defendants under Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e, *et. seq.* ("Title VII"), the Pennsylvania Human Relations Act, 43 P.S. §§ 951, *et. seq.* ("PHRA"), and the Philadelphia Fair Practices Ordinance, § 9-1100, *et. seq.* ("PFPO"), alleging hostile work environment, retaliation and aiding and abetting. Johnson claims that she was harassed and assaulted by her supervisor Charles Lane and that Keystone management employees Frantz Magloire and Barbara Crews failed to act promptly and reasonably in response to her complaints and then retaliated against Johnson for making those complaints. Trial begins today and Johnson and Keystone have informed the Court that Johnson will seek to admit evidence of Lane's prior criminal convictions and Keystone wishes to admit evidence of

1

Johnson's prior conviction, all for purposes of impeachment pursuant to Federal Rule of Evidence 609.[1] This Memorandum explains the Court's attached Order on these issues.

I

Federal Rule of Evidence 609 states in pertinent part:

(a) In General. The following rules apply to attacking a witness's character for truthfulness by evidence of a criminal conviction:

> (1) for a crime that, in the convicting jurisdiction, was punishable by death or by imprisonment for more than one year, the evidence:
>
>> (A) must be admitted, subject to Rule 403, in a civil case or in a criminal case in which the witness is not a defendant; and
>>
>> (B) must be admitted in a criminal case in which the witness is a defendant, if the probative value of the evidence outweighs its prejudicial effect to that defendant; and
>
> (2) for any crime regardless of the punishment, the evidence must be admitted if the court can readily determine that establishing the elements of the crime required proving — or the witness's admitting — a dishonest act or false statement.

(b) Limit on Using the Evidence After 10 Years. This subdivision (b) applies if more than 10 years have passed since the witness's conviction or release from confinement for it, whichever is later. Evidence of the conviction is admissible only if:

> (1) its probative value, supported by specific facts and circumstances, substantially outweighs its prejudicial effect; and
>
> (2) the proponent gives an adverse party reasonable written notice of the intent to use it so that the party has a fair opportunity to contest its use.

FED. R. EVID. 609.

Rule 609(a) divides prior convictions into two distinct categories, each with its own rule of admissibility. Rule 609(a)(2) governs the admissibility of *crimen falsi* convictions, for which establishing the elements of the crime requires proof (or

---

[1] Keystone filed a motion in limine last evening regarding Johnson's prior conviction. (ECF No. 68.) The motion is untimely under the Court's Scheduling Order (ECF No. 15) and is accordingly denied without prejudice, though this memorandum substantively addresses it.

2

admission) of a dishonest act or false statement. Under Rule 609(a)(2), "if the prior conviction involved dishonesty or false statements, the conviction is automatically admissible insofar as the district court is without discretion to weigh the prejudicial effect of the proffered evidence against its probative value." *Walker v. Horn*, 385 F.3d 321, 334 (3d Cir. 2004) (quoting *Walden v. Georgia–Pacific Corp.*, 126 F.3d 506, 523 (3d Cir. 1997)). Rule 609(a)(1)(a) on the other hand, imposes a balancing test for the admission of felony convictions that do not constitute *crimen falsi*. A Rule 403 balancing test is applied for the admission of those convictions.

If, however, more than ten years have passed since the witness' conviction or release from confinement (whichever is later) for either the *crimen falsi* (Rule 609(a)(2)) or felony convictions (Rule 609(a)(1)(A)), the conviction must be analyzed under Rule 609(b). The conviction would only be admissible if the "probative value, supported by specific facts and circumstances, substantially outweighs [their] prejudicial effect." *See* FED. R. EVID. 609(b)(1); *United States v. Slade*, 2013 WL 5873576, at *3 (E.D. Pa. 2013). When analyzing Rule 609(b), courts balance the probative value against prejudicial effect by evaluating: the kind of crime involved; when the conviction occurred; the importance of the witness' testimony to the case; and the similarity of the past crime to the case *sub judice*. *Pettijohn v. Wusinich*, 705 F. Supp. 259, 260 (E.D. Pa. 1989) (citations omitted). Each conviction that Johnson and Keystone seek to admit are punishable by imprisonment for more than one year and more than ten years have passed since the later of the witness' conviction or release from confinement.[2] The Court will therefore only address admissibility pursuant to Rule 609(b).

---

[2] Johnson has not provided the Court with any evidence or information as to whether Lane was confined and if so, when he was released from confinement for his theft by unlawful taking

3

II

Johnson seeks to admit evidence of Lane's nine criminal convictions for theft by unlawful taking, receiving stolen property, burglary, tampering with records and theft by deception. The Court addresses each in turn.

Lane was convicted in 1990[3] and again in 2008[4] for theft by unlawful taking or disposition in violation of 18 Pa. C.S. § 3921. Pursuant to Rule 609(b), the 2008 conviction is admissible because the probative value substantially outweighs its prejudicial effect. As to the type of crime, theft by unlawful taking has significant impeachment value. *Yudenko v. Guarini*, No. 06-4161, 2009 WL 2152085, at *3 (E.D. Pa. July 16, 2009). When analyzing the date of the conviction, older crimes have less probative value, are highly prejudicial and usually weigh against admission. The 1990 conviction occurred more than twenty-eight years ago, which is highly prejudicial, while the 2008 conviction occurred just over ten years ago and therefore is more probative and not as prejudicial. Further, Lane's testimony is essential to this case, much of which consists of Johnson and Lane's varying description of Lane's conduct and whether Johnson encouraged or welcomed it. This weighs in favor of admissibility. *See Robinson v. Clemons*, 1998 WL 151285, at *3 (D. Del. Mar. 24, 1998). Finally, this crime is not similar to Lane's alleged sexual harassment in this case and is therefore not highly prejudicial.

---

conviction. The Court cannot assume that less than ten years have passed since the later of his conviction or release from confinement and must therefore analyze the conviction's admissibility under Rule 609(b).

[3] Philadelphia County, MC-51-CR-0926601-1990, Disposition Date 12/10/90.
[4] Bucks County, CP-09-CR-0008211-2006, Disposition Date 1/8/08.

Lane has four prior convictions for theft by receiving stolen property in violation of 18 Pa. C. S. § 3925. Three of these convictions occurred in 1990[5] and one took place in 2008.[6] Courts within the Third Circuit have determined that receiving stolen property is likely probative of truthfulness. *See Del Grosso v. City of Philadelphia*, No. 09-1000, 2010 WL 3384822, at *1 (E.D. Pa. Aug. 20, 2010); *Jackson v. City of Pittsburgh*, No. CIV.A 07-111, 2010 WL 2511380, at *3 (W.D. Pa. June 17, 2010). Lane's testimony is essential to this case, weighing in favor of admissibility. Further, this crime is not similar to Lane's alleged conduct in the present case and not highly prejudicial. Older crimes generally have less probative value and are highly prejudicial; while the 2008 conviction is admissible, convictions for the same offense in 1990 are not.

Lane has one 1991 conviction for burglary in violation of 18 Pa. C.S. § 3502.[7] Pursuant to Rule 609(b), this conviction is not admissible because the probative value does not substantially outweigh its prejudicial effect. The crime of burglary has probative value for impeachment purposes. *United States v. Whitfield*, No. 12-418, 2013 WL 12212553, at *2 (E.D. Pa. May 10, 2013). While the conviction is not for conduct similar to what Lane allegedly has done here, it is twenty-seven years old and is therefore highly prejudicial, weighing against admission. Moreover, although Lane's testimony is essential to this case, evidence of other criminal convictions which bear upon his credibility for truthfulness is being admitted.

---

[5] Philadelphia County, CP-51-CR-1110601-1990, Disposition Date 11/29/1990; Philadelphia County, MC-51-CR-0926601-1990, Disposition Date 12/10/90.
[6] Bucks County, CP-09-CR-0008211-2006, Disposition Date 1/8/08.
[7] Philadelphia County, CP-51-CR-1230021-1990, Disposition Date 1/2/91.

Lane was convicted in January 2008 for tampering with records or identification in violation of 18 Pa. C.S. § 4104 A.[8] To be convicted of tampering with records under this section, a person, knowing that he has no privilege to do so, "falsifies, destroys, removes or conceals any writing or record, or distinguishing mark or brand or other identification with intent to deceive or injure anyone or to conceal any wrongdoing." 18 Pa. C.S. § 4104. This crime is highly probative of Lane's character for truthfulness; its elements require proof that the individual acted with intent to deceive, injure or conceal a wrongdoing. The conviction is only slightly more than ten years old and Lane's testimony is essential to the case. The offense of conviction is not similar to Lane's alleged conduct with Johnson and is therefore not highly prejudicial. The probative value substantially outweighs its prejudicial effect, making this conviction admissible.

Lastly, Johnson seeks to admit Lane's January 2008 conviction for theft by deception-false impression, in violation of 18 Pa. C.S. § 3922(a)(1).[9] Theft by deception "bears directly on a person's apparent ability to testify truthfully." *United States v. Lloyd,* No. 95-0403, 1995 WL 672516, at *3 (E.D. Pa. Nov. 9, 1995). The conviction is not so far removed from this trial that it would be overly prejudicial. Lane's testimony is essential to the case and this crime is not similar to what Johnson contends Lane did and thus is not highly prejudicial. The probative value substantially outweighs its prejudicial effect and this conviction is accordingly admissible.

---

[8] Bucks County, CP-09-CR-0008211-2006, Disposition Date 1/8/08.
[9] Bucks County, CP-09-CR-0008211-2006, Disposition Date 1/8/08.

III

Keystone seeks to admit evidence of Johnson's 2004 conviction for theft by receiving stolen property, in violation of 18 Pa. C.S. § 3925.[10] This crime is highly probative of truthfulness, thus weighing in favor of admission. *See Del Grosso v. City of Philadelphia*, No. 09-1000, 2010 WL 3384822, at *1 (E.D. Pa. Aug. 20, 2010); *Jackson v. City of Pittsburgh*, No. CIV.A 07-111, 2010 WL 2511380, at *3 (W.D. Pa. June 17, 2010). Johnson's conviction occurred fourteen years ago. *See Wink v. Ott*, No. 11-00596, 2012 WL 1979461, at *2 (M.D. Pa. June 1, 2012) (allowing evidence of plaintiff's twelve year old conviction for impeachment purposes because the plaintiff's credibility was of "paramount importance" to the case). As the Plaintiff in this case, Johnson's credibility is essential. The probative value substantially outweighs its prejudicial effect and Johnson's prior conviction is admissible.

BY THE COURT:

*/s/ Gerald J. Pappert*
GERALD J. PAPPERT, J.

---

[10] Philadelphia County, CP-51-CR-0402151-2004, Disposition Date 6/4/04.